1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

THEODORE WALTER JONES,

          Plaintiff,

   v.

JOSEPH W MOSS,

          Defendant.

Case No.  18-cv-05698-BLF

**ORDER DENYING MOTION TO
ALTER OR AMEND JUDGMENT**

[Re: ECF 35]

On September 18, 2018, Petitioner, Theodore Walter Jones, filed a Petition for Writ of Habeas Corpus in this Court challenging Petitioner's state conviction for voluntary manslaughter. Petition, ECF 1.  On March 3, 2020, the Court denied the Petition.  Order, ECF 33.

Petitioner filed a timely motion to alter or amend the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e).  Motion, ECF 35.  Respondent filed an opposition to the Motion ("Opp'n", ECF 39) and Petitioner replied ("Reply", ECF 40).  For the reasons discussed below, the Court DENIES Petitioner's Motion to Alter or Amend Judgment

## I.   STANDARD OF REVIEW

A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (citation omitted).  A district court has "considerable discretion" in deciding a Rule 59(e) motion. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).  Accordingly, reconsideration pursuant to Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc.*

1    *v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

2         Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available

3    prior to the district court's ruling.  *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011)

4    (affirming district court's denial of habeas petitioner's motion for reconsideration where petitioner's

5    evidence of exhaustion was not "newly discovered" because petitioner was aware of such evidence

6    almost one year prior to district court's denial of petition).  Moreover, a district court does not

7    commit clear error warranting reconsideration when the question before it is a debatable one.  *See*

8    *McDowell*, 197 F.3d at 1256 (district court did not abuse its discretion in denying reconsideration

9    where question of whether it could enter protective order in habeas action limiting Attorney

10   General's use of documents from trial counsel's file was debatable).

11   **II.    ANALYSIS**

12        Petitioner argues that the Court clearly erred on three grounds: (1) by denying Petitioner's

13   request for factual development as to Claim 5; (2) by failing to address Petitioner's argument raised

14   in support of the ineffective assistance of counsel portion of Claim 10; and (3) by denying a

15   certificate of appealability as to those claims.  *See* Motion at 3.

16        **A.    Claim 5**

17        Petitioner contends that the Court clearly erred in finding that State Appellate Court's denial

18   of Claim 5 was not unreasonable under AEDPA.  Motion at 6.  Petitioner also argues the Court

19   clearly erred by denying leave for an evidentiary hearing or discovery as to the claim that Trial

20   Counsel was ineffective for not calling Fred Thompkins, Petitioner's former friend, as a defense

21   witness at trial.  Motion at 4.   In his Petition, Petitioner alleged that "[t]rial counsel should have

22   called Mr. Thompkins as a defense witness because he could have testified to facts establishing that

23   petitioner acted in defense of another and self-defense."  Petition at 70 ¶ 14; *see also* Request for

24   Evidentiary Hearing at 9, 11, ECF 28.

25        For an ineffective assistance of counsel claim to succeed, Petitioner must demonstrate both

26   counsel's deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668 (1984).  In

27   this case, the State Appellate Court denied Petitioner's Claim 5 based solely on the prejudice prong.

28   The State Appellate Court reviewed the record, assumed trial counsel had no tactical reason not to

United States District Court
Northern District of California

2

call Thompkins, and found no prejudice.  Pet. Exh. 1, at 50–51, ECF 1-1.  The State Appellate Court found nothing in the record that "would have assisted the jury in resolving [the] dispositive issue—whether defendant knew, or reasonably could have known, the victim had a second gun."  *Id.*  The State Appellate Court noted, and so did this Court, that "Thompkins' testimony would have been materially helpful *if* he corroborated Petitioner's account (that he shot the Victim because he reasonably believed the Victim was reaching for a second gun as he ran away or after he fell on the ground)[.]"  Order at 62 (emphasis in original).   Petitioner argues that "[t]his acknowledgment should have entitled petitioner to discovery because it was tantamount to a finding that 'if the facts are fully developed, [petitioner may] be able to demonstrate that he is confined illegally and is therefore entitled to relief[.]'"  Motion at 4-5 (quoting Advisory Committee Notes to Rule 6 Governing § 2254 Cases).  Petitioner contends that he has alleged "facts" that if proved, entitle him to relief.  Motion at 5.

### 1.  State Appellate Court's Factual Determination

Petitioner argues that the State Appellate Court was unreasonable because it "found untrue" Petitioner's allegations that Thompkins "could have testified to facts establishing that petitioner acted in defense of another and self-defense" without a hearing.  Reply at 1.  Petitioner contends that the State Appellate Court "should have allowed factual development" because "Mr. Thompkins's interview with police did not establish one way or the other" whether Thompkins could have corroborated Petitioner's knowledge of the second gun.  *Id.* at 3.

The Court disagrees with Petitioner.  Petitioner hangs on one statement this Court (and the State Appellate Court) made without the benefit of the analysis that followed.  The State Appellate Court found non-prejudicial Trial Counsel's decision not to call Thompkins as a defense witness because, after reviewing the entire record (including transcripts of Thompkins' interviews with the police and the public defender), there was nothing "that would have assisted the jury in resolving [the] dispositive issue – whether defendant knew, or reasonably could have known, the victim had a second gun."  Pet Exh. 1 at 50-51.  It is important to note at the outset that by returning a voluntary manslaughter verdict, the jury credited the Petitioner's subjective belief that he was acting in self-defense or defense of another.  *See generally*, Order at 11-13.  Thus, the only dispositive issue was

whether his belief was *reasonable – i.e.*, whether Petitioner knew, or reasonably could have known, the victim had a second gun.  *See* Pet. Exh. 1, at 50.  Tellingly, even now, Petitioner fails to cite to **any** specific statement from Thompkins indicating his testimony would have been helpful to Petitioner on that issue.  *See* Motion at 4 (citing to the entirety of Thompkins' interview transcripts).

To the contrary, Petitioner's own characterization of Thompkins' statements to the investigators demonstrates that Thompkins did not see anything that could have assisted the jury in determining whether Petitioner knew, or reasonably could have known, the Victim had a second gun or that the Victim reached for one:

> 4. Mr. Thompkins saw petitioner tussling with a different man (Mr. Anderson). Transcript of Interview of Thompkins, at 211[1] (Exhibit 17). ***Mr. Thompkins could not see if Mr. Anderson had a gun. Id.*** Mr. Thompkins heard someone say that Mr. Anderson had a "banger." *Id.* at 214.

> 5. Mr. Thompkins grabbed petitioner and Mr. Anderson. Transcript of Interview of Thompkins, at 239 (Exhibit 17). Mr. Thompkins pushed them against a wall. *Id.* Mr. Thompkins "probably did swing at [Mr. Anderson]," but he could not remember. *Id.* Petitioner, Mr. Anderson, and Mr. Thompkins fell to the ground.  *Id.* at 242.

> 6. Mr. Thompkins heard a gunshot while petitioner and Mr. Anderson were on the ground. Transcript of Interview of Thompkins, at 212 (Exhibit 17). ***He did not see a gun.*** *Id.* Mr. Thompkins asked petitioner if he had been shot. *Id.* Petitioner did not respond. *Id.* at 29.

> 7. The man who originally fought with Mr. Thompkins joined in the fight. Transcript of Interview of Thompkins, at 212 (Exhibit 17). Mr. Thompkins "reengaged" with the man. *Id.* at 220. The man ran out of the parking lot. *Id.* Mr. Thompkins followed after him. *Id.*

> 8. ***Mr. Thompkins heard four to five more gunshots while he was running.***  Transcript of Interview of Thompkins, at 220 (Exhibit 17). Mr. Thompkins turned to where petitioner and Mr. Anderson had been fighting. *Id.*  ***He did not see anyone.***  *Id.* at 217. ***Mr. Thompkins returned to his car***.  *Id.*

> 9. Petitioner was standing by the car. Transcript of Interview of Thompkins, at 220 (Exhibit 17). Mr. Thompkins asked petitioner: "Did you get popped?"  *Id.*  Petitioner said: "No."  *Id.* at 212.

> 10. Mr. Thompkins did not see if petitioner had a gun. Transcript of Interview of Thompkins, at 217 (Exhibit 17). ***Mr. Thompkins did not see the victim lying on the ground.***  *Id.*  Mr. Thompkins denied telling

---

[1] Exhibit 17 (Sargent Gantt's interview with Fred Thompkins) starts at page 262 and ends at page 303 of ECF 1-1.  Thus, the cited page numbers in Petition do not match the record.

petitioner "to pull the trigger." *Id.* at 213.

Petition at 57-58, ECF 1 (emphasis added).  Petitioner further noted that Thompkins "made a similar statement" to Alameda County Public Defender's Office investigator Paul Perez and "confirmed his statement to Sergeants Gantt and Jones." *Id.* at 58 ¶ 13.

The Court did not err in finding that the State Appellate Court was not unreasonable in its review of the record and in concluding that Petitioner failed to show "it is reasonably probable that, had his trial counsel called Thompkins as a defense witness, the verdicts would have been different." Order at 61 (quoting Pet. Exh. 1, at 50-51).  When a habeas petitioner challenges the state court's finding of facts, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  It was not unreasonable for the State Appellate Court to conclude, based on the record before it, that Thompkins' testimony would not have assisted the jury regarding the second gun – making his absence at trial non-prejudicial.  For example, Thompkins repeatedly told the police that he did not see any guns and did not witness the shooting itself:

> <u>Thompkins</u>: Cause, first of all, I never, I never seen no gun, you know what I'm saying? I just seen them tussle. I never seen no gun, you know what I'm saying?  Exhibit 17 at 269, ECF 1-1.
>
> ***
>
> <u>Thompkins</u>: Like I said, I never seen the gun, you know what I'm saying? The light skinned--it was a light skinned cat who, you know what I'm saying, who I was, first was, who I first was in the altercation with, you know what I'm saying? Exhibit 17 at 271.
>
> ***
>
> <u>Thompkins</u>: When I heard the shots and I looked back, what's the first thing I saw? When I looked back, the first thing I saw--actually wasn't nobody back behind me when I saw.  Exhibit 17 at 272.
>
> ***
>
> <u>Thompkins</u>: Like I said, I didn't see nobody shoot nobody, you know what I'm saying? Exhibit 17 at 272.

Neither was the State Appellate Court unreasonable in denying Petitioner's request for an

evidentiary hearing. While in "some limited circumstances" the state court's denial of an evidentiary hearing may render its fact-finding process unreasonable under § 2254(d)(2), the Ninth Circuit "ha[s] never held that a state court must conduct an evidentiary hearing to resolve every disputed factual question; such a per se rule would be counter not only to the deference owed to state courts under AEDPA, but to Supreme Court precedent." *Hibbler v. Benedetti*, 693 F.3d 1140, 1147 (9th Cir. 2012). "A state court's decision not to hold an evidentiary hearing does not render its fact-finding process unreasonable so long as the state court could have reasonably concluded that the evidence already adduced was sufficient to resolve the factual question." *Id.* It was not unreasonable for the State Appellate Court to adduce, based on the record before it, that Trial Counsel's failure to call Thompkins as a witness was not prejudicial because nothing in Thompkins' interviews shows that he could have offered testimony that "would have assisted the jury in resolving [the] dispositive issue—whether defendant knew, or reasonably could have known, the victim had a second gun." Pet. Exh. 1 at 50-51.

Petitioner argues that "the state court plainly *did not* conclude that the evidence already adduced was sufficient to resolve the factual question. Instead, it concluded that the evidence already adduced was *in*sufficient to resolve the factual question in petitioner's favor." (Reply at 3). The Court disagrees. The State Appellate Court was not unreasonable for discrediting Petitioner's conclusory allegation that Thompkins could have provided helpful testimony when that determination was based on and supported by a review of the record in its entirety including Thompkins' interviews with the police and the public defender as well as the additional documents submitted by Petitioner finds that the State Appellate Court. *Any witness* can theoretically give testimony that helps a criminal defendant, but mere conclusory allegations as to what testimony a witness might provide, does not render State Appellate Court's findings unreasonable.

In sum, the Court did not err in finding that the State Appellate Court's rejection of Claim 5 was not an unreasonable application of precedent or an unreasonable determination of the facts.

### 2. This Court's Denial of Evidentiary Hearing

In his Motion, Petitioner argued that this Court erred "under the standards for granting an evidentiary hearing." Motion at 5. Respondent noted that Petitioner incorrectly applied pre-

United States District Court
Northern District of California

AEDPA law.  Opp'n at 4.  Petitioner does not dispute that he applied pre-AEDPA law, but argues that "[a] finding that petitioner is entitled to an evidentiary hearing on a claim under pre-AEDPA standards is effectively a finding that the state court's denial of the claim was unreasonable where, as here, the state court failed to grant an evidentiary hearing."  Reply at 1.  As noted above, the Court did not err in finding that State Appellate Court's denial of this claim was not unreasonable.

To the extent that Petitioner has not withdrawn his arguments as to this Court's denial of an evidentiary hearing, the Court did not err.  Under *Cullen v. Pinholster*, habeas review under AEDPA "is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. 170, 180-81 (2011).  The Ninth Circuit has recognized that *Cullen* "effectively precludes federal evidentiary hearings" on claims adjudicated on the merits in state court.  *Gulbrandson v. Ryan*, 738 F.3d 976, 993 (9th Cir. 2013); *see also Sully v. Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013) ("Although the Supreme Court has declined to decide whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied ... an evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief.") (internal quotation marks and citation omitted).

Because the Court has found that it did not err in finding that the State Appellate Court's rejection of this claim was not an unreasonable application of precedent or an unreasonable determination of the facts, it also did not err in denying Petitioner's request for an evidentiary hearing.  "If district courts were required to allow federal habeas applicants to develop even the most insubstantial factual allegations in evidentiary hearings, district courts would be forced to reopen factual disputes that were conclusively resolved in the state courts."  *Schriro*, 550 U.S. at 475.

### 3.  This Court's Denial of Discovery

Neither did the Court err in denying Petitioner's request for discovery (*i.e.*, to depose Thompkins).  Petitioner primarily relies on the Advisory Committee Notes to Rule 6 Governing § 2254 Cases, in particular guidance that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary

1   facilities and procedures for an adequate inquiry." Rule 6, Rules Governing Section 2254 Cases,

2   Advisory Comm. Note to 1976 adoption; *see also Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997).

3   That guidance is unhelpful to Petitioner in this case, as he has not shown reason to believe that he

4   may be entitled to relief if the facts were fully developed.

5          Petitioner insists that his allegations that Thompkins could corroborate his self-defense or

6   defense of another claim provides sufficient basis for granting discovery. *See* Reply at 3-4. But the

7   Court agrees with Respondent that Petitioner's request for discovery is based on mere speculation

8   and would amount to a "fishing expedition" because there is no support in the record for the

9   proposition that Thompkins would have corroborated Petitioner's reasonable self-defense claim. As

10  noted above, and conceded by Petitioner (*see* Petition 57-58), Thompkins repeatedly told the

11  investigators that he did not see any guns – let alone the second gun – or witness the shooting.

12         Again, because the jury credited Petitioner's testimony that he subjectively believed he was

13  acting in self-defense, the dispositive issue is whether Petitioner knew, or reasonably could have

14  known, the victim had a second gun. Thus, Petitioner's arguments that Thompkins might now

15  change his testimony about the second gun is nothing more than speculation (or wishful thinking)

16  on Petitioner's part – not "specific allegations." "[C]ourts should not allow prisoners to use federal

17  discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court for

18  the N. Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996); *see also Earp v. Davis*, 881 F.3d

19  1135, 1142–43 (9th Cir.), *cert. denied*, 139 S. Ct. 566, 202 L. Ed. 2d 406 (2018) ("Just as bald

20  assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing,

21  neither do they provide a basis for imposing upon the state the burden of responding in discovery to

22  every habeas petitioner who wishes to seek such discovery.") (citation omitted)

23         Without citing to any authority, Petitioner asserts that "[u]nless the Court believed that there

24  was no possibility that Mr. Thompkins, in response to a deposition, could have provided helpful

25  testimony, it had a duty to provide discovery." Reply at 4. The Court disagrees with Petitioner's

26  expansive view of federal discovery in habeas cases because such approach would open the door to

27  discovery to any speculative allegation made by a petitioner. A habeas petitioner, unlike the usual

28  civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *See Bracy*,

United States District Court
Northern District of California

8

520 U.S. at 904.  Before deciding whether a petitioner is entitled to discovery, courts must then determine whether the petitioner has shown "good cause" for appropriate discovery to prove his claim.  *See id.*   Mere speculation "is unlikely to establish good cause for a discovery request on collateral review."  *Strickler v. Greene*, 527 U.S. 263, 286 (1999).  Petitioner's suggested approach would read the "good cause" requirement out of the analysis.  There is, of course, always *some* possibility that any witness might provide helpful testimony.  But Petitioner's conclusory allegation that Thompkins might have provided such testimony is speculative.

To summarize, Petitioner has not established that this Court erred in denying Claim 5 without first ordering discovery.

### B.    Claim 10

Petitioner next argues that the Court clearly erred in denying Claim 10, because it did not address one of Petitioner's arguments presented in his Traverse.  Motion at 8.

The Court did not err by not addressing an argument raised for the first time in Petitioner's Traverse because "[a] Traverse is not the proper pleading to raise additional grounds for relief." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). "This approach to briefing is wholly inappropriate and prejudicial, as it unfairly deprives Respondent of the opportunity to respond to arguments that should have been presented in the petition in the first instance." *Rodriguez v. Holland*, No. C 11-00935 SBA, 2014 WL 4954775, at *6 (N.D. Cal. Sept. 30, 2014) (citing *M ishler v. Clift*, 191 F.3d 998, 1009 n.8 (9th Cir. 1999) (declining to consider even a purely legal argument raised for the first time in a movant's reply brief, since doing so would prejudice the nonmovants by depriving them of the opportunity to respond)); *see also See Delgadillo v. Woodford*, 527 F.3d 919, 930 (9th Cir. 2008) ("Arguments raised for the first time in petitioner's reply brief are deemed waived.").

Regardless, Petitioner's argument is without merit.  In his Claim 10, Petitioner alleged in part, that his Trial Counsel ineffectively handled the Prosecution's statements during closing rebuttal.  The Prosecution's closing argument at issue is below:

> [Prosecution]: If the defendant claims that he acted in self-defense
> and he told everyone he acted in self-defense in that car, and there
> were witnesses to testify to those observations, they would be here to

testify.

[Trial Counsel]: Objection. Burden shifting.

The Court: The comments of counsel are not evidence. You are to rely upon the evidence that you have received during the course of the trial.

[Prosecution]: Bottom line, ladies and gentlemen: Fred Thompkins is not here. Fred Thompkins is not here to testify. Fred Thompkins is no friend of the prosecution. Fred Thompkins is no friend of D'Mario Anderson. Fred Thompkins is the best friend of the defendant in this case.

7 RT 1575-76, ECF 21-13.

The Court rejected Petitioner's arguments as to the burden shifting objection and concluded that State Appellate Court's decision – finding that the Prosecution's comments regarding Thompkins' absence at trial was not prejudicial – was not unreasonable.  Order at 62-64.  In this Motion, Petitioner does not challenge the Court's findings as to the burden shifting objection or reference to Thompkins' absence.

The issue presented in the present Motion is Trial Counsel's failure to object to the Prosecution's closing argument on any constitutional ground as to Brandy Davis's testimony. Motion at 8.  Davis, Petitioner's then-girlfriend, had testified at a preliminary hearing that after the shooting Petitioner told the occupants of the car "something like:" "He tried to kill us".  2 CT at 318, ECF 21-4.   She was prevented from elaborating on that testimony at trial due to the Prosecution's objection. 3 RT 686, ECF 21-9; *see also* Order at 35-39.[2]  At issue is Petitioner's argument that "a number of state and federal courts, as well as the American Bar Association, are in accord that arguments emphasizing the absence of evidence known to exist, but which has been excluded, constitute misconduct."  Motion at 8-9 (citing Traverse at 15–17, ECF 26).  And in this case, Petitioner argues, the Prosecutor committed misconducted because he referred to the absence of the type of evidence Davis could have offered (*i.e.,* Petitioner's statements to the occupants of the car after the shooting), but was prevented from doing so  based on the Prosecution's objection. *See* Motion at 8.

---

[2] The propriety of the exclusion of Petitioner's statement in the car is not disputed in this Motion. Reply at 9.

1    To prevail on an ineffective assistance of counsel claim, a petitioner must make two

2    showings: (1) deficiency and (2) prejudice. *Strickland*, 466 U.S. at 687.  First, petitioner must show

3    that counsel's performance was deficient such that it fell below an "objective standard of

4    reasonableness . . . under prevailing professional norms." *Id.* at 687–88.  Second, counsel's deficient

5    performance must have prejudiced the petitioner's case, meaning "there is a reasonable probability

6    that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

7    *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the

8    outcome." *Id.*  A "doubly" deferential judicial review is appropriate in analyzing ineffective

9    assistance of counsel claims under § 2254.  *See Cullen*, 563 U.S. at 202; *Harrington v. Richter*, 562

10   U.S. 86, 105 (2011); *Premo v. Moore*, 562 U.S. 115, 122–23 (2011). The general rule of *Strickland*

11   affords counsel's effectiveness great deference.  466 U.S. at 689.

12   First, Petitioner has not cited to any controlling authority or a decision from a court in this

13   Circuit or a California state court for the proposition that the Prosecution's mention of excluded

14   evidence was misconduct.  *See* Traverse at 8-10 (citing cases).  When § 2254(d) applies, the question

15   for the Court is not simply whether counsel's actions were reasonable, but rather "whether there is

16   *any* reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Harrington*, 562

17   U.S. at 105 (emphasis added).   Given the lack of controlling authority that the Prosecution's

18   comments constituted misconduct, the Court cannot conclude, under the deferential standard of

19   *Strickland*, that Trial Counsel's performance was deficient under the prevailing professional norms.

20   This is because "trial counsel cannot have been ineffective for failing to raise a meritless objection."

21   *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005), *amended*, No. 04-15562, 2005 WL 1653617

22   (9th Cir. July 8, 2005).

23   Second, even if the Prosecution committed misconduct, and even if Trial Counsel was

24   ineffective for not objecting on constitutional grounds, Petitioner has failed to show prejudicial error

25   in the Prosecution's closing remarks.  Petitioner argues that the "harm" created by the Prosecution's

26   comments could have been cured by "allowing petitioner to recall Brandy Davis to testify to

27   petitioner's statements in the car as to whether he acted in self-defense or in defense of others."

28   Motion at 10.   But such a testimony from Davis (who did not see the shooting) about Petitioner's

11

statement in the car, at best, would have been relevant to Petitioner's subjective belief that he was acting in self-defense (which the jury credited) and not the objective reasonableness of his actions (which the jury discredited).   And the *reasonableness* of Petitioner's actions was the dispositive issue at trial.  *See* Pet. Exh. 1 at 7.  Nothing in Davis's testimony about Petitioner's statement in the car after the shooting would have led the jury to believe that Petitioner acted *reasonably* when he shot the Victim (*i.e.*, that the Victim had or was reaching for a second gun).

Petitioner also argues that the admonishment the Trial Court gave the jury was not sufficient. *See* Motion at 10.  But the Trial Court's admonishment to the jury, given immediately following the Prosecution's comment at issue, was neither limited to a specific type of objection (*i.e.*, burden shifting or non-burden shifting) nor to a particular witness (*i.e.*, Thompkins or Davis).  Instead, the Trial Court admonished the jury that "[t]he comments of counsel are not evidence. You are to rely upon the evidence that you have received during the course of the trial."  7 RT 1576, ECF 21-13. Taking into account the minimal value of Davis's testimony (because it would not have assisted the jury in determining the reasonableness of Petitioner's actions or affect outcome of the trial), the Court finds that the Trial Court's instructions cured the harm, if any existed at all.  *See Darden v. Wainwright*, 477 U.S. 168 (1986) (finding that prosecutor's improper comments during closing argument did not deprive petitioner of a fair trial because the trial court instructed jurors that arguments of counsel were not evidence).

In short, Petitioner has failed to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

## C.   Certificate of Appealability

A judge shall grant a Certificate of Appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

United States District Court
Northern District of California

The Court's denial of a Certificate of Appealability was not clearly erroneous. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And Petitioner's argument as to whether reasonable jurists could debate whether Federal Rule of Evidence 606(b) applies to habeas proceedings misses the mark. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). It does not require full consideration of the factual or legal bases adduced in support of the claims. *Id.* Even if one of Petitioner's arguments in support of a sub-claim is a debatable question of law (and the court need not decide that issue here), the ultimate resolution of his constitutional claims (denials of ineffective assistance of counsel in Claims 5 and 10) is not debatable amongst reasonable jurists. *See id.* Accordingly, the Court did not err in denying COA.

## III.   ORDER

For the foregoing reasons, the Court DENIES Petitioner's Motion to Alter or Amend Judgment.   This Order TERMINATES ECF 35.

**IT IS SO ORDERED.**

Dated: September 14, 2020

_____

BETH LABSON FREEMAN
United States District Judge